UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-80706-RAR

SECURITIES AND
EXCHANGE COMMISSION,

       Plaintiff,

v.

PRAXSYN CORPORATION
and FRANK J. BRADY,

       Defendants.
_____/

**FINAL JUDGMENT AGAINST DEFENDANT FRANK J. BRADY**

The Securities and Exchange Commission having filed a Complaint and Defendant Frank J. Brady having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as provided in Section IV below and except for personal and subject matter jurisdiction, which Brady admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Brady is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to: (i) the prospects for success of any product or company; or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters related to a company's business or to a decision by an investor or prospective investor to buy or sell securities of any company.

      2.      As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Brady's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Brady or with anyone described in (a).

      3.      Pursuant to Section 21(d)(2) of the Exchange Act (15 U.S.C. § 78u(d)(2)), Brady is prohibited for five years following the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act (15 U.S.C. § 78l) or that is required to file reports pursuant to Section 15(d) of the Exchange Act (15 U.S.C. § 78o(d)).

      4.      Brady shall pay a civil penalty in the amount of $15,000 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act (15 U.S.C. § 78u(d)). Brady shall make this payment in three installments to the Commission according to the following schedule: (1) $5,000 within 14 days of the entry of this Final Judgment; (2) $5,000 within six

months of the entry of this Final Judgment; and (3) $5,000 within one year of the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Brady shall contact the staff of the Commission for the amount due for the final payment.  If Brady fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Brady may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Brady may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg., Room 181, AMZ-341
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brady's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Brady shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Securities

and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL, 33131.  By making these payments, Brady relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Brady shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

5. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code (11 U.S.C. § 523), the allegations in the Complaint are true and admitted by Brady, and further, any debt for a civil penalty or other amounts due by Brady under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Brady of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code (11 U.S.C. § 523(a)(19)).

6. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of August, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**